NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARTESSA AESTHETICS, LLC,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**HYDRAFACIAL LLC, fka Edge Systems LLC,**
*Intervenor*

---

2026-1582, 2026-1881

---

Appeals from the United States International Trade Commission in Investigation No. 337-TA-1408.

---

**ON MOTION**

---

Before TARANTO, CHEN, and STOLL, *Circuit Judges*.

PER CURIAM.

## O R D E R

The United States International Trade Commission ("Commission" or "ITC") found a 19 U.S.C. § 1337 violation based on Cartessa Aesthetics, LLC's infringement of

Hydrafacial LLC's patent, but suspended enforcement of an exclusion order because the patent was to expire on March 29, 2026. Following patent expiration, Cartessa moves to consolidate its appeals, dismiss them as moot, and vacate the final determination. The Commission does not oppose. Intervenor Hydrafacial LLC opposes vacatur, citing potential collateral consequences on proceedings before the United States Patent and Trademark Office ("PTO").

"After a case (including an appeal) has been initiated, it becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Oman Fasteners, LLC v. United States*, 125 F.4th 1068, 1080 (Fed. Cir. 2025) (cleaned up). In section 337 cases, this requirement generally means that an appeal is moot once the asserted patents have expired because the Commission can only grant prospective relief. *See INVT SPE LLC v. Int'l Trade Comm'n*, 46 F.4th 1361, 1369–70 (Fed. Cir. 2022) (collecting cases). In such situations, where mootness is due entirely to happenstance—as opposed to circumstances attributable to the parties—we have routinely vacated the Commission's underlying final determination. *See id.* at 1370.

We see no sound basis to depart from that approach here. We have repeatedly rejected the argument that "the potential for collateral consequences resulting from the possible stare decisis effect of our decision" on appeal precludes mootness of appeals from the Commission involving an expired patent. *Hyosung TNS Inc. v. Int'l Trade Comm'n*, 926 F.3d 1353, 1359 (Fed. Cir. 2019); *Tandon Corp. v. Int'l Trade Comm'n*, 831 F.2d 1017, 1019 (Fed. Cir. 1987. Hydrafacial points to nothing concrete in the ongoing PTO proceedings that might suggest otherwise. It notes that the Director deinstituted review of the same patent in light of the Commission's final determination and

efficiency concerns[1] and has more recently initiated Director review to decide whether to do the same in two matters involving related patents. But even if the Commission's decision could serve Hydrafacial some useful benefit in such review, we cannot say such possible, indirect benefit based on independent actions by a non-party defeats mootness here.[2]

Accordingly,

---

[1] *Sinclair Pharma Ltd. v. Hydrafacial LLC*, No. IPR2025-00145 (P.T.A.B. Feb. 12, 2026) (deinstituting review because maintaining such proceedings "when the ITC has determined that Patent Owner established commercial success and that the claims are not invalid based on the same prior art and combinations asserted in this IPR would result in significant duplication of effort, additional expense for the parties, and risk of inconsistent decisions").

[2] The cases cited by Hydrafacial in which mootness was rejected are clearly inapposite. The jurisdictional determination in *Royal Brush Manufacturing, Inc. v. United States* over an importer's challenge to an evasion determination rested on the fact that such determination exposed the importer to potential civil penalties. 75 F.4th 1250 (Fed. Cir. 2023). The same cannot be said here. In *Super Tire Engineering Co. v. McCorkle*, the Supreme Court invoked the exception to the mootness doctrine for a controversy that is capable of repetition, yet evading review; not collateral consequences. 416 U.S. 115, 126–27 (1974). And in *F.C.C. v. Fox Television Stations, Inc.*, 567 U.S. 239, 255 (2012), the Court merely found the Commission's assurance that it would not impose sanctions on the broadcaster insufficient to remedy an unconstitutional policy.

4                                    CARTESSA AESTHETICS, LLC v. ITC

IT IS ORDERED THAT:

(1) The motions are granted. Appeal No. 2026-1582 and Appeal No. 2026-1881 are consolidated, and the revised official caption is reflected in this order. The appeals are dismissed as moot, the Commission's final determination is vacated, and the case is remanded to the Commission with instructions to dismiss the investigation as moot.

(2) Each side shall bear its own costs.

FOR THE COURT

July 23, 2026
Date

Jarrett B. Perlow
Clerk of Court